**NOT FOR PUBLICATION**

JUL 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD ZIMBELMAN,<br><br>           Plaintiff - Appellant,<br><br>   v.<br><br>SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY and JOHN HILL,<br><br>           Defendants - Appellees. | No. 13-17479<br><br>D.C. No. 2:13-cv-02143-APG-VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted July 10, 2014
San Francisco, California

Before:  N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

Edward Zimbelman is a convicted sex offender subject to a lifetime registration requirement. He disclosed this fact on his application to federally-assisted housing and was admitted. The housing authority is now trying to evict Zimbelman because he is a registered sex offender. Zimbelman sued the housing authority under 42 U.S.C. § 1983 and asked the district court to preliminarily enjoin the housing authority from evicting him. The district court refused, and Zimbelman appeals. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we review the district court's decision for abuse of discretion. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1157 (9th Cir. 2007).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

Federal law prohibits an owner of federally-assisted housing from renting to convicted sex offenders who are subject to lifetime registration requirements. 42 U.S.C. § 13663(a). The parties' lease contract also prohibits convicted sex offenders who are subject to registration requirements from renting in Southern Nevada Regional Housing Authority's facility. For this reason, Zimbelman is

unlikely to succeed on the merits of his claim. We recognize that Zimbelman may face significant hardship if he is evicted. We also recognize that § 13663(a) seeks to protect the other residents of federally-assisted housing and to fairly allocate limited rental spots. Having analyzed all of the *Winter* factors, we conclude the district court did not abuse its discretion by refusing to grant a preliminary injunction.

The district court's ruling is **AFFIRMED**.